Approved: _____
Ryan B. Finkel
Assistant United States Attorney

Before:  HON. KEVIN N. FOX
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA           :    COMPLAINT
:
        - v. -                      :    Violation of
:    21 U.S.C. § 846
CLAUDIA JUAREZ,                    :
:
            Defendant.             :    COUNTY OF OFFENSE:
:    NEW YORK
- - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

MATTHEW FERTOLI, being duly sworn, deposes and says that he is a Task Force Officer with the Drug Enforcement Administration ("DEA") and charges as follows:

COUNT ONE
(Narcotics Conspiracy)

1. In or about July 2019, in the Southern District of New York and elsewhere, CLAUDIA JUAREZ, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that CLAUDIA JUAREZ, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that CLAUDIA JUAREZ, the defendant, conspired to distribute and possess with intent to distribute was 1 kilogram and more of mixtures and substances

2

containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Task Force Officer with the DEA and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, and my review of documents as well as my conversations with law enforcement agents and witnesses. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in this investigation, including my review of law enforcement reports and records and my conversations with other law enforcement officers, I have learned the following, in substance and in part:

a. On or about July 14, 2019, law enforcement officers surveilled a particular location in New York, New York and observed an individual driving an automobile ("Automobile-1") while using a mobile cellular telephone, which is a violation of New York State Vehicle and Traffic Law.

b. Law enforcement officers conducted a traffic stop of Automobile-1. The driver presented identification and law enforcement officers identified her as CLAUDIA JUAREZ, the defendant. No one else was in Automobile-1. JUAREZ then verbally consented to a search of Automobile-1.

c. Law enforcement officers began to conduct a search of Automobile-1 and as they approached the trunk JUAREZ revoked her consent. JUAREZ was then detained as law enforcement officers waited for a certified narcotics detection canine handler and a trained canine to arrive. While detained, JUAREZ stated to law enforcement officers, without prompting, in substance and in part, "I think I know what you are looking for, I was supposed to pick up money." JUAREZ continued and stated, in substance and in part, that there were no drugs in the car. Law enforcement officers inquired whether JUAREZ would provide

3

consent to search Automobile-1 and JUAREZ agreed both verbally and in writing.

        d.     Prior to resuming the search, a law enforcement officer who is a certified narcotics detection canine handler ("Officer-1") then exposed his trained canine ("Canine-1") to Automobile-1 for inspection. Canine-1 reacted, indicating the presence of narcotics, near the trunk of Automobile-1. A law enforcement officer then opened the trunk of Automobile-1 and cut open the spare tire inside the trunk. Inside the tire were several packages (the "Packages") that appeared, based on the officers' training and experience, to be narcotics. JUAREZ was placed under arrest.

        e.     Law enforcement officers advised JUAREZ of her *Miranda* rights. JUAREZ agreed to speak with the officers. JUAREZ stated, in substance and in part, that she was in the area to retrieve the proceeds of narcotics sales from others but that she did not know there were narcotics in Automobile-1. JUAREZ further stated, in substance and in part, that another individual for whom she agreed to come to the New York City area to pick-up the narcotics proceeds borrowed Automobile-1 for approximately one hour soon before JUAREZ drove to in or around New York City to obtain the narcotics proceeds.

        6.     Based on my participation in this investigation, including my review of law enforcement reports and records and my conversations with other law enforcement officers, I have learned that the Packages weighed approximately 4.37 kilograms, were field tested, and tested positive for the presence of heroin.

4

WHEREFORE, deponent respectfully requests that CLAUDIA JUAREZ, the defendant, be imprisoned or bailed, as the case may be.

MATTHEW FERTOLI
Task Force Officer
Drug Enforcement Administration

Sworn to before me this
15th day of July, 2019

THE HONORABLE KEVIN N. FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK